ABRAHAM GONICK, Appellant, *v.* SAM GOLDFARB, Respondent.

(Supreme Court, Appellate Term, Second Department, May, 1917.)

Appeal — Municipal Court of city of New York — to Appellate Term — notice of — Municipal Court Code, § 129(3).

Where the notice of appeal from a judgment of the Municipal Court of the city of New York was filed eight days after the expiration of the time limit, the appeal will be dismissed.

Where prior to the taking of the appeal a motion made under section 129(3) of the Municipal Court Code to vacate

and set aside the judgment and for a new trial has been
denied, an appeal to the Appellate Term of the Supreme
Court from the order entered on the denial of such motion
brings up for review only that part of the order which
refused to grant a new trial.

Appeal by plaintiff from a judgment of the Municipal
Court of the city of New York, borough of Brooklyn,
fifth district, rendered December 20, 1916, in favor of
plaintiff for thirty dollars, damages and costs, and
from an order of said court entered January 12, 1917,
denying plaintiff's motion to set aside the judgment
and for a new trial on the ground of inadequacy of
damages.

William L. Greenfogel, for appellant.

Max Levy, for respondent.

Benedict, J.  This is an action to recover one
hundred and six dollars and sixty-four cents for
goods sold and delivered.  The answer was in effect a
general denial with an admission of certain sales
which are not connected with those mentioned in com-
plaint, and for a separate defense a plea of payment.
Plaintiff recovered a judgment for twenty-seven
dollars damages and three dollars costs.

At the outset I desire to call attention to a fact
which is not mentioned in the briefs on either side.
The judgment in this action was rendered on
December 20, 1916.  The time to appeal from the judg-
ment therefore expired twenty days from the date,
which should be on January 9, 1917.  Mun. Ct. Code,
§ 156.  The notice of appeal, dated on January 16th,
was filed on January 17, 1917, eight days after the
time to appeal from the judgment had expired.  Upon
December 26, 1916, the plaintiff, who is the appellant

in this court, made a motion before .Justice Furgueson for an order vacating and setting aside the judgment " rendered herein on the 19th day of December, 1916," upon the ground that the damages were insufficient under the evidence in the case, and for a new trial.  This motion was denied by Justice Furgueson on January 2, but the formal order was not entered until January 12, 1917.  The notice of appeal states that the plaintiff appeals from that order as well as from the judgment.

It may be assumed that the motion was made under the provisions of section 129 of the Municipal Court Code, subdivision 3, which reads as follows: "A motion to set aside the verdict of a jury and to vacate, amend or modify a judgment rendered upon a trial by the court with or without a jury, and for a new trial, must be made at the close of the trial or within twenty days after the entry of the judgment."

Of course an appeal from the order so made could not extend the time to appeal from the judgment. The appeal before us, therefore, brings up for review only the propriety of the order refusing to vacate the judgment and refusing to grant a new trial. Only that part of the order which refused to grant a new trial can, however, be considered upon this appeal.

Section 129, subdivision 3, had its derivation in section 254 of the former Municipal Court Act, and under that section an order made by a justice which vacated, amended or modified a judgment rendered upon a trial by the court without a jury, made under the conditions specified therein, or an order denying a motion for that relief, was appealable under the provisions of section 257 of the former law; but in the new codification of the law governing the Municipal Court it appears that only an order made under that part of section 129, subdivision 3, which

refers to the granting or refusal of a new trial is appealable. Section 154 of the Municipal Court Code does not apparently allow an appeal from an order vacating, amending or modifying a judgment rendered upon a trial by the court with or without a jury. This appears to be an omitted case and to render such an order non-appealable.

The only question which is, therefore, presented to this court by this appeal is the question whether the order denying the plaintiff's motion for a new trial is or is not right. It will be noticed that the motion for the new trial was made not upon affidavits but " upon all the pleadings and proceedings heretofore had and taken herein " and it must be limited in the same way upon appeal. Clearly a new trial should not be had upon the pleadings because no defect in the pleadings was considered by the court below, nor appears by an inspection of them. The proceedings likewise in the court below so far as the record discloses them appear to have been regular, except perhaps the proceedings after the judgment to which attention has, heretofore, been called, and as the irregularity mentioned was an irregularity in the plaintiff's practice he cannot be heard to complain of it. The plaintiff took but one exception upon the trial. If he had desired to avail himself of that exception upon his motion for a new trial it was his duty to call the attention of the court sharply to his exception by his notice of motion; but assuming that the word " proceedings " is broad enough under section 1002 of the Civil Code to cover " exceptions," there was no error made by the trial justice in making the ruling referred to.

So far as the question of inadequacy of damages is concerned, the evidence was conflicting as to the amount that had been paid on account by defendant.

I think the finding of the trial justice in this respect should not be disturbed.

I therefore advise that the appeal from the judgment be dismissed, and that the appeal from so much of the order as denies the plaintiff's motion to vacate the judgment be dismissed, upon the ground that that part of the order is not appealable, and that so much of the order appealed from as denies the plaintiff's motion for a new trial be affirmed with ten dollars costs.

CLARK and JAYCOX, JJ., concur.

Appeal dismissed and order affirmed, with costs.